UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
BORIS KOTLYARSKY,

                Movant,

  -against-                                            18-cv-1746 (LAK)
                                                          (16-cr-0215 (LAK))

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        On October 27, 2016, Boris Kotlyarsky pled guilty to one count of conspiracy to commit Hobbs Act extortion in violation of 18 U.S.C. § 1951, and one count of aiding and abetting Hobbs Act extortion in violation of 18 U.S.C. §§ 1951 and 2. On May 31, 2017, Kotlyarsky was sentenced to a term of imprisonment of 41 months.

        Kotlyarsky moved previously to vacate his conviction or reduce his sentence pursuant to 28 U.S.C. § 2255. [DI 1]. The Court denied the motion. [DI 16]. In its opinion, the Court addressed Kotlyarsky's principal arguments in detail and explained that it "considered Kotlyarsky's remaining arguments and concluded that none has any merit." *Id*. at 20. The Court reached this determination after considering numerous exhibits attached to Kotlyarsky's motion.

        One month after his motion was denied, Kotlyarsky filed several pages listing what he claimed to be "new" information. [DI 17]. This information had been included in Kotlyarsky's amended request for relief.[1] The Court treated this submission as a motion for reconsideration and denied it because it was both untimely and without merit. *Id*.

        On February 27, 2020, Kotlyarsky again submitted pages of what he proclaimed to be "new" information. However, this information appears to be duplicative of what has been

---

[1] *E.g.* a *New York Post* article and email submitted with his reply [DI 11-1, 2], an affidavit from Oleg Mitnik, the victim in the failed murder plot central to Kotlyarsky's conviction, [DI 2 at ECF 62-66], and specific lines from a plea allocation transcript [DI 6 at ¶¶ 50, 168].

rejected already on his initial 2255 motion and on his motion to reconsider.[2] Further, the Court is unclear as to what claim(s) Kotlyarsky seeks to advanced based on his recent submission as he has failed to include any motion form or brief along with this list of "new" information.

To the extent that Kotlyarsky's submission is offered in support of arguments decided in the Court's May 2, 2019 opinion [DI 16], it in substance would be another second or successive 2255 motion that may be entertained only with authorization of the Court of Appeals. *See* 28 U.S.C.A. § 2244. To the extent that his submission contains newly discovered evidence and he seeks relief based on those new facts, Kotlyarsky would have one year from the date on which, though the exercise of due diligence, he could have discovered the evidence. 28 U.S.C. § 2255(f).

To that end, the Clerk of Court is directed to send petitioner copies of the motion forms for a 2255 habeas petition and the pro bono appointment of counsel along with a copy of this order. Bearing in mind the rules stated above, to the extent he has any timely and appropriate claims, petitioner is directed to use the forms and file them as a motion for habeas relief with the Clerk of Court no later than July 23, 2020.

SO ORDERED.

Dated:      June 23, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[2] These materials have not yet been docketed as a result of the COVID-19 pandemic. That will occur once staff return to chambers.