UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                  16-cr-0215 (LAK)

BORIS KOTLYARSKY,

        Defendant.
------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On October 27, 2016, the defendant pleaded guilty to one count of conspiracy to commit Hobbs Act extortion and another of aiding and abetting Hobbs Act extortion. He was sentenced principally to a term of imprisonment of 41 months. His various post-conviction submissions, including a Section 2255 motion that was denied on the merits, have been unsuccessful. The Court assumes familiarity with the record in this case, including in particular its opinion on the unsuccessful 2255 motion (Dkt 82), its order of June 23, 2020 (Dkt 83), and the subsequent filings.

        The Court now is in receipt of a further submission in which defendant again expresses a desire to testify before the Court about what he claims are various instances of government misconduct.[1] He again avers that "[t]his is not about my case, but rather about my Country." He again asserts also, in reference to the alleged extortion plot, that his "only goal was to prevent a tragedy from happening and to save the life OF human being." He goes on, it appears, to argue again that he was innocent of the crimes to which he pleaded guilty and asserts that his actions were a "noble deed."

        As this Court wrote in response to a prior submission:

> "If the defendant's submission is construed properly as meaning that he truly does not now make a collateral attack on his conviction and instead seeks only to testify to whatever he thinks he knows about alleged government misconduct over the years, he must understand that federal courts are bodies of limited jurisdiction. That jurisdiction does not extend to providing fora for people to voice grievances, real and

---

[1] The entire submission is filed herewith.

otherwise, involving the government except to whatever extent that is appropriate to resolving a genuine case or controversy within the judicial power conferred by Article III of the Constitution. On the assumption that this submission is not another attack on defendant's conviction, there is no case or controversy and the Court would lack the power to grant defendant's wish to testify.

"On the other hand, defendant, notwithstanding his protestation that "[t]his is not about [his] case", might be construed as making yet another attack on his conviction. As the Court previously has explained, any such attack must be made by means of a motion pursuant to 28 U.S.C. § 2255. In view of the denial on the merits of at least one previous such motion, this Court would have no jurisdiction to consider another without leave of the Court of Appeals."

In the circumstances, *the Clerk once again shall send the defendant the forms for filing a Section 2255 motion and for seeking the appointment of counsel along with a copy of this order.* If defendant wishes to do so, he may file a 2255 motion with the Clerk and move in the Court of Appeals for authorization for this Court to consider it. Absent leave of the Court of Appeals and the filing of a new 2255 motion, there is nothing the Court can do with the present application.

Defendant of course is free to send his complaints to the United States Attorney's office or to the Department of Justice in Washington.

Application DENIED.

SO ORDERED.

Dated:   February 7, 2022

_____
Lewis A. Kaplan
United States District Judge